IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| **Lawrence Charles,** <br> **Plaintiff,** <br><br> v. <br><br> **Pamela Brooks,** *et al.*, <br> **Defendants.** | ) <br> ) <br> ) <br> )     No. 1:24cv2203 (RDA/WEF) <br> ) <br> ) <br> ) |

MEMORANDUM OPINION AND ORDER

Lawrence Charles, a Virginia inmate proceeding *pro se*, filed a civil rights action pursuant to 42 U.S.C. § 1983, alleging that state court judges (Pamela Brooks, Gary Clemens, James Fisher, Douglas Fleming, Stephen Sincavage, Robert Smith, Matthew P. Snow, and Alfred D. Swersky), Gary Clemens, Clerk of the Circuit Court of Loudoun County, and Loudoun County, Virginia have violated his constitutional rights. Dkt. 1. On February 5, 2025, the Court screened the complaint,[1] and dismissed the complaint pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief can be granted, but granted Charles leave to amend. With the exception of Loudoun County, the defendants were dismissed with prejudice due to judicial or derivative immunity.

Charles did not file an amended complaint and instead filed a notice of appeal. Dkts.

---

[1] Section 1915A of Title 28 U.S.C., provides:

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—

    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or

    (2) seeks monetary relief from a defendant who is immune from such relief.

12, 14. On April 18, 2025, while the matter was still pending on appeal, Charles filed an amended complaint. Dkt. 18. On April 29, 2025, the Fourth Circuit granted Charles' motion to voluntarily dismiss his appeal pursuant to Rule 42(b) of the Federal Rules of Appellate Procedure, Dkt. 19, and entered its mandate that same date. Dkt. 20.[2] Because Plaintiff is a prisoner, the Court must screen his amended complaint to determine whether it is frivolous, malicious, or fails to state any claims upon which relief may be granted. 28 U.S.C. § 1915A.

## I. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Sumner v. Tucker*, 9 F. Supp. 2d 641, 642 (E.D. Va. 1998). "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citation omitted). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true, and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

---

[2] *Charles v. Brooks*, No. 25-6261, 2025 U.S. App. LEXIS 10336, *1 (4th Cir. Apr. 29, 2025).

The Federal Rules of Civil Procedure "require[] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A plaintiff cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citations omitted). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## II.     Amended Complaint ("AC")

Plaintiff alleges the judicial defendants (Pamela Brooks, James Fisher; Robert Smith; Douglas Fleming; Stephen Sincavage; Matthew Snow; substitute Judge Alfred D. Swersky), and Gary Clemens, conspired to retaliate against him for filing a complaint with the Judicial Inquiry and Review Commission ("JIRC") against Defendant Brooks. Dkt. 18 at 5. Plaintiff also alleges

the defendants are interfering with his federal lawsuits, but does not do so on the basis of any facts but only upon "information and belief." *Id.* at 5.

On February 2, 2023, Plaintiff filed a civil action against Loudoun County Detective Lorraine Goldberg and others alleging that they had deprived Plaintiff of his rights. *Charles v. Wozniak et al.*, No. 1:23cv154-CMH-JFA ("*Charles I*").[3] He alleges that he was arrested on December 11, 2023, and charged with malicious wounding, strangulation, and abduction. On December 31, 2023, however, the complaining witness sent a message to Plaintiff stating that she had lied about the incident. Loudoun County prosecutors and law enforcement officers were aware of the message. *Id.* at 6.

On January 25, 2024, Defendant Brooks presided at Plaintiff's bond hearing, during which Plaintiff alleges that Defendant Brooks interrupted his counsel's argument to correct a factual statement that Charles had never failed to appear because Charles' record indicated that he had, and denied bond without the prosecutor having to argue. Plaintiff appealed the denial of his bond and Defendant Snow failed to recuse himself from hearing the appeal because Charles had written articles about Defendant Snow's business partner and friend, Buta Biberis. Despite learning about the victim's recantation, Defendant Snow denied Charles' appeal. *Id.*

After the denial of a bond, Charles filed a complaint against Defendants Snow, Brooks, the Commonwealth Attorney's Office, and the Loudoun County Sheriff's with the JIRC. At Plaintiff's preliminary hearing on April 10, 2023, Defendant Brooks allegedly had private communications and passed advice to the prosecutor via her laptop, and overruled Plaintiff's counsel's objection

---

[3] Another Judge of this Court is handling *Charles I*. On March 28, 2025, an order was entered in *Charles I*, that dismissed most of the claims and defendants in that civil action and is proceeding on an excessive force claim. *Id.*, Dkt. 79. On April 14, 2025, Charles filed a notice of appeal. *Id.*, Dkt. 82.

that notes were being passed by "other attorneys" to the prosecutor. Although Defendant Brooks was also made aware of the victim's recantations and the victim testified that she had lied about Charles abducting, strangling, and assaulting her, Defendant Brooks found probable cause. *Id.* at 6-7. The grand jury met on May 20, 2023, and only one witness, Detective Katie Marshall, appeared. Marshall allegedly did not inform the jury of the victim's recantation so that her friend, Detective Goldberg, would have an advantage in a civil action that Plaintiff had filed against her in federal district court. Plaintiff then filed a civil action against Marshall in federal district court, *Charles v. Anderson et al*, No. 1:24cv1095-RDA-IDD.[4]

The victim's lawyer, who was allegedly working with the prosecutors and having a sexual relationship with the victim, advised her to seek a protective order against Charles on July 9, 2024. The victim filed for a protective order while the prosecutors covered up the victim's affair. *Id.* at 7. On July 11, 2024, Plaintiff was served with a motion seeking to admit the recanted statements, and stating that Plaintiff had induced the victim to commit perjury. *Id.* Defendant Brooks issued

---

[4] The AC mischaracterizes the purpose of a preliminary hearing and a grand jury, both of which determine only probable cause and not guilt or innocence. A prosecutor is not required to introduce exculpatory evidence in a grand jury proceeding because a grand jury sits to determine if there is probable cause to support an indictment, and not guilt or innocence. *United States v. Williams*, 504 U.S. 36, 51 (1992) ("It is axiomatic that the grand jury sits not to determine guilt or innocence, but to assess whether there is adequate basis for bringing a criminal charge."). Indeed, "[a] grand jury investigation is not an adversarial process. For all practical purposes the prosecution directs the proceedings, and potential indictees have no ability to correct inadvertent or deliberate distortions during the grand jury's fact-finding process. *United States v. Jones*, 160 F.3d 641, 646 (1998) (citing *United States v. Sells Engineering, Inc.*, 463 U.S. 418, 430 (1983); *Williams*, 504 U.S. at 47-55). Further, "the law does not require that a prosecutor explore every potentially exculpatory lead before filing a criminal complaint or initiating a prosecution. 'The reasonable belief which constitutes probable cause does not require [a prosecutor] to evaluate the totality of circumstances both inculpatory and exculpatory, as a trier of fact guided by a reasonable doubt standard.'" *Trabal v. Wells Fargo Armored Serv. Corp.*, 269 F.3d 243, 251 (3d Cir. 2001) (citation omitted). Importantly, consistent with the non adjudicatory role of preliminary hearings and grand jury proceedings, there is no due process violation as long as exculpatory "material is disclosed to a defendant in time for its effective use *at trial*." *United States v. Smith Grading & Paving, Inc.*, 760 F.2d 527, 532 (4th Cir. 1985) (emphasis added).

the protective order on July 24, 2024. Plaintiff objected, stating that the victim had committed perjury, to which Defendant Brooks replied that it did not matter. *Id.* at 7-8.

On July 25, 2024, Defendant Fisher heard the motion to admit the recanted statement. Plaintiff had written a letter to Defendant Fisher the previous year indicating that Defendant Fisher was a racist, cheated minorities, was unfair, and "very partial to prosecutors" with whom he made secret deals. *Id.* at 8. Plaintiff, having fired his defense counsel, proceeded *pro se* at the hearing. Defendant Fisher ordered Plaintiff to be placed in three-point restraints. The complaint alleges that the prosecutor presented evidence, which was mostly various communications (emails and phone calls) Charles had sent to the victim. The prosecutor's presentation was replete with lies and misrepresentations. Plaintiff was only given two minutes to respond to the prosecutor's argument. Defendant Fisher was biased against Charles during the hearing. *Id.* at 8-9.[5]

Plaintiff was heard on September 20, 2024, via T.V., on his motion to recuse the lawyer who had allegedly had sex with the victim. Defendant Fisher presided, informed Plaintiff that he had read the motion, and asked Plaintiff if he had anything else to say. Plaintiff asked where the Court reporter was, Defendant Fisher concluded the proceeding, and counsel was directed to prepare an order. *Id.* at 9.

Plaintiff had been proceeding *pro se* since June 2024, and alleges the prosecution provided him discovery in digital format. Charles was detained at the Alexandria Jail at that time and was not allowed to review it. Plaintiff filed a motion to compel discovery, which was heard on September 26, 2024. Plaintiff argued that the prosecutors had denied him exculpatory evidence

---

[5] The AC references two civil actions Charles has filed against the prosecutors: *Charles et al v. Loudoun County Family Services et al*, No. 1:24cv199-RDA-WEF (E.D. Va. July 23, 2024) (each plaintiff sought to voluntarily dismiss the action and the motions were granted); *Charles v. Anderson, et al.*, No. 1:24cv1095-RDA-IDD (E.D. Va.) (notice of appeal filed April 2, 2025).

because they knew he was incarcerated and provided the discovery in a format he could not access. The prosecutor responded by telling Defendant Fisher that Charles had not asked the Alexandria Jail[6] for access to his discovery material, and Defendant Fisher, without providing Plaintiff an opportunity to respond, denied the motion. *Id.* at 10.

On October 17, 2024, Defendant Swersky heard the motion to admit the recantation. Plaintiff informed Defendant Swersky he needed more that the five minutes allotted for his motion. Defendant Swersky had read his motion and asked Plaintiff how his present motion was different than his previous motions. Plaintiff replied it was because he was seeking "to not admit the hearsay," and his motion was denied. *Id.* at 10.

In October 2024, Charles was informed he would no longer be allowed free phone calls from the jail to the courthouse and was also informed "the judges" had ordered that the clerk not to file any motions Charles sent by mail "for his criminal case." Charles then alleges the "judges" "acted without jurisdiction." *Id.* at 11.

On November 13, 2024, Defendant Sincavage allegedly conspired with the prosecutor in issuing a protective order to cover up an attorney's sexual relationship with the attorney's client. During the hearing, Sincavage had private conversations with the attorney, without Charles present, and denied Charles' motion for a continuance to obtain witnesses, and his motion for a jury trial. Sincavage also allowed a witness to perjure herself. *Id.* at 12-13.

The AC then alleges on information and belief that the defendants conspired with others to retaliate against him for filing federal lawsuits against Loudoun County; the prosecutor's and sheriff's offices were retaliating against Charles for filing federal lawsuits; the defendants did

---

[6] Plaintiff has also filed a civil suit against Alexandria Jail officials. *Charles v. Casey*, No. 1:24cv1799-RDA-LRV (E.D. Va.).

favors for friends and associates "in criminal cases"; the defendants are impartial and favor prosecutors; the defendant judges act as prosecutors instead of judges; the defendants alter or destroy transcripts and other records; the defendants allowed a prosecutor to stay on a case after a jail telephone call indicated the prosecutor was having sex with a witness; the defendants allowed prosecutors to misrepresent facts; the defendants use their laptops for *ex parte* communications during trials; the defendants allowed prosecutors to destroy evidence; the defendants, the prosecutor's office and sheriff's office were retaliating against Plaintiff and interfering with JIRC's investigation; the defendants were blocking Charles' access to the court; the Commonwealth of Virginia allowed the defendants to tell clerk's office personnel not to file Charles' motions in his criminal case. *Id.* at 14-15.

Plaintiff seeks an order providing that the federal court and authorities monitor and regulate Loudoun County courts; to investigate the defendant judges, Loudoun County prosecutors and the sheriff's office; for this Court to monitor or re-open previous cases in which defendants accused the Loudoun County judges of misconduct; and for the public to be aware of the alleged misconduct. *Id.* at 16.

### III. *Younger* [7]Abstention and Judicial Immunity

<u>*Younger* Abstention</u>. Plaintiff admits that his claims against the defendants arose from and are related to his ongoing criminal proceedings in Loudoun County state courts. It is, however, well settled that the *Younger* abstention doctrine prohibits federal courts from interfering in ongoing state criminal proceedings. In *Younger*, the Supreme Court explained "that courts of equity should not act, and particularly should not act to restrain a criminal prosecution, when the moving party has an adequate remedy at law and will not suffer irreparable injury if denied

---

[7] *Younger v. Harris*, 401 U.S. 37 (1971).

equitable relief." 401 U.S. at 43-44. *Younger* is based, in part, on the fact that "in a typical state criminal trial a defendant can raise his constitutional claims as a defense to prosecution, he has an adequate remedy at law." *Younger* is also based on comity and recognized

> that "anxious though [the National Government] may be to vindicate and protect federal rights and federal interests, [it] always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States." [*Younger*, 401 U.S. at 44] (internal quotation marks omitted). Thus, the *Younger* doctrine is anchored in a "belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." *Id.*

*Nivens v. Gilchrist*, 444 F.3d 237, 241 (4th Cir. 2006) (discussing *Younger* doctrine). *Nivens* continued its discussion of *Younger* abstention stating

> [a]bsent a few extraordinary exceptions, *Younger* mandates that a federal court abstain from exercising jurisdiction and interfering in a state criminal proceeding if (1) there is an ongoing state judicial proceeding brought prior to substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides adequate opportunity to raise constitutional challenges.

*Id.* (footnote omitted) (citing *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *Nivens v. Gilchrist*, 319 F.3d 151, 153 (4th Cir. 2003)).

Here, the criminal indictments were returned on April 14, 2024, there have been at least ten pre-trial motions filed and heard in the circuit court, and a four-day trial has been set for October 27-31, 2025.[8] There is no dispute that the criminal proceedings are ongoing. There is no genuine dispute that a state has a vital interest in its criminal prosecution as evidenced by the supreme Court's admonishment that "*Younger* exemplifies one class of cases in which federal-

---

[8] *See* https://www.vacourts.gov/caseinfo/home, Case Status and Information Tab, Circuit Court Case Information and Fee Calculation Tab, Loudoun Circuit Court Tab (search, "Charles, Lawrence") (last searched May 2, 2025). *See Colonial Perm Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) ("most frequent use of judicial notice of ascertainable facts is in noticing the content of court records") (collecting cases); *see, e.g., Lynch v. Leis*, 382 F.3d 642, 647 & n.5 (6th Cir. 2004) (taking judicial notice of state court records available to public online).

9

court abstention is required: When there is a parallel, pending state criminal proceeding, federal courts must refrain from enjoining the state prosecution." *Sprint Communs., Inc. v. Jacobs*, 571 U.S. 69, 72 (2013).[9] The Supreme Court observed that where "vital state interests are involved, a federal court should abstain 'unless state law clearly bars the interposition of the constitutional claims.' [The] . . . pertinent inquiry is whether the state proceedings afford an adequate opportunity to raise the constitutional claims . . . ." *Middlesex County Ethics Comm. v. Garden State Bar Ass'*, 457 U.S. 423, 430 (1982) (quoting *Moore v. Sims*, 442 U.S. 415, 426 (1979)); *see also Kugler v. Helfant*, 421 U.S. 117, 124 (1975) ("[O]rdinarily a pending state prosecution provides the accused a fair and sufficient opportunity for vindication of federal constitutional rights").[10] The Fourth Circuit has routinely held that Virginia procedures, such as the contemporaneous objection doctrine, are adequate opportunities to raise constitutional claims.[11] Under *Younger*, this Court lacks jurisdiction to address Charles' allegations.

---

[9] The Fourth Circuit has stated that "where the state criminal prosecution is pending, the comity concerns of *Younger* . . . and its progeny require abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989).

[10] *See Goings v. Sumner County Dist. Atty.'s Office*, 571 F. App'x 634, 638 (10th Cir. 2014) (finding the third prong of Younger was satisfied because states have "a vital interest in prosecuting individuals believed to have committed crimes against other persons"); *Potrero Hills Landfill, Inc. v. Cty. of Solano*, 657 F.3d 876, 883 (9th Cir. 2011) ("Where the state is in an enforcement posture in the state proceedings, the 'most important interest' requirement is easily satisfied, as the state's vital interest in carrying out its executive functions is presumptively at stake").

[11] "In Virginia, as in other states, objections must be made at the appropriate time at trial and must be stated with reasonable certainly in order to preserve the alleged error. *See* Va. Sup. Ct. R 5:21; *Whitley v. Patterson*, 204 Va. 36, 129 S.E.2d 19 (1963). Virginia Supreme Court Rule 5:21, however, provides an exception to the state's contemporaneous objection rule by allowing state appellate review of errors not objected to at trial "for good cause shown" or to enable the court "to attain the ends of justice." *Tweety v. Mitchell*, 682 F.2d 461, 463 (4th Cir. 1982). The current contemporaneous objection Rule are in Rule 5:25 and 5A:18 of the Rules of the Virginia Supreme Court. *See, e.g., Bush v. Legursky*, 966 F.2d 897, 899 (4th Cir. 1996) ("The defendant's failure to make a contemporaneous objection to the constitutional violation can be an 'adequate and independent state ground,'") (citing *Wainwright v. Sykes*, 433 U.S. 72 (1977)); *see also Puckett*

<u>Judicial Immunity</u>. Plaintiff alleges that the Defendant judges use their judicial authority improperly. The allegations of improper use involve only judicial proceedings—bond motions, a preliminary hearing, discovery matters, pre-trial motions on the admissibility of evidence and recusal, and a protective order. Before addressing judicial immunity, Plaintiff seeks to eliminate the issue of judicial immunity by alleging that the judges acted without jurisdiction[12] by prohibiting free phone calls from the jail to the courthouse, and by directing the Clerk not to file any of the motions Charles sent by mail in his criminal case. Plaintiff's allegations include his admission that he can make telephone calls at his own expense, and despite his many assertions to the contrary, he has been able to file numerous civil actions in this Court,[13] and the pleadings page of his criminal cases in the circuit court list ten separate days on which pre-trial motions were heard by the circuit court. *See, supra* at note 8. Indeed, he has also managed to file six pretrial appeals to the Court of Appeals of Virginia as well, each of which was dismissed on February 27, 2025. *Charles v. Commonwealth*, Record Nos. 1180-24- 4, 1259-24-4, 1327-24-4, 1653-24-4, 1719-24-4, and 1784-24-4.

As to the issue of jurisdiction, "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978). Even if judges act in error, with malice, or outside of their authority, they are subject to liability only when acting in the clear absence of all jurisdiction. *Id.* at 355-56.[14] A clear absence

---

*v. United States*, 556 U.S. 129, 134 (2009) ("[T]he contemporaneous-objection rule prevents a litigant from 'sandbagging' the court—remaining silent about his objection and belatedly raising the error only if the case does not conclude in his favor.").

[12] *See Mireles v. Waco*, 502 U.S. 9, 12 (1991) ("a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction").

[13] A search of this Court's docket indicates that Charles has filed ten civil actions in 2024.

[14] Charles has inserted the phrase "acted without jurisdiction" in reference to this allegation, but does not provide any facts to support his conclusory assertion. Charles' failure to support his assertion, aside, the record establishes, undisputedly, that his claims against the

11

of jurisdiction exists when "a court of limited jurisdiction attempts to adjudicate a case outside of its jurisdiction, such as when a probate court conducts a criminal trial." *Duty v. City of Springdale, Ark.*, 42 F.3d 460, 462-63 (8th Cir. 1994) (citing *Mann v. Conlin*, 22 F.3d 100, 104 (6th Cir. 1994)).

Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). It is evident that the allegation that the clerk was ordered not to file matters in a criminal case is "related to, individual cases" before the defendant judges, and thus the order is judicial in nature. With regard to the telephone calls, even assuming the defendant judges were involved, Plaintiff admits he was still allowed to make telephone calls, but simply had to pay for them himself. *See Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly). Further, the alleged act arose because Charles was involved in criminal proceedings and, again, it was clear that the defendant judges were acting in their "judicial

---

defendant judges concern his pending criminal prosecution and related matters thereto. In this context, the assertion is not only conclusory but baseless.

> A distinction is drawn between acts that are performed in "excess of jurisdiction" and those performed in the *"clear absence of all jurisdiction over the subject-matter,"* with the former type of act accorded immunity. No immunity is granted if "there is clearly no jurisdiction *over the subject-matter* . . . [and] the want of jurisdiction is known to the judge . . . ." The question, then, is "whether at the time [the judge] took the challenged action he had jurisdiction over the subject matter before him," and, in answering that question, "the scope of the judge's *jurisdiction must be construed broadly* . . . ."

*King v. Myers*, 973 F.2d 354, 356-57 (4th Cir. 1992) (citations omitted, emphasis added). Judges have inherent authority to manage their docket, *see Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017), which includes the authority to strike improper pleadings. *Dietz v. Bouldin*, 579 U. S. 40, 47 (2016) ("[D]istrict courts have the inherent authority to manage their dockets and courtrooms with a view toward the efficient and expedient resolution of cases"). *See, e.g., American Civil Liberties Union of Ky v. McCreary Cty, Ky*, 607 F.3d 439, 451 (6th Cir. 2010) (based on its power to manage its own docket, court had ample discretion to strike defendant's late-renewed motion for summary judgment). Here, Charles has not identified, with and particularity or specificity, what pleadings were not filed or how he has been prejudiced.

capacity." *Stump*, 435 U.S. at 362. Further, Charles' allegations establish that this civil action is related to or based upon his criminal charges pending before the judge defendants. At best, this is an error, which does not prohibit the application of judicial immunity. "An act is still judicial, and immunity applies, even if the judge commits 'grave procedural errors.'" *Stump*, 435 U.S. at 359; see id., at 356-57 (explaining that judicial immunity even extends to a judge's action that "was in error, was done maliciously, or was in excess of his authority").

Since the defendant judges did not act in the absence of jurisdiction, Charles' actual allegations against the defendant judges fail to state a claim upon which relief could be granted because each of the defendant judges is immune from a suit for damages arising out of their judicial acts[15] as well as injunctive relief. *See Donato Malave v. Abrams*, 547 F. App'x 346, 347 (4th Cir. 2013) (Congress abrogated limiting judicial immunity for state judges for only money damages by amending § 1983 in 1996, which provided that "injunctive relief [against a judicial officer] shall not be granted unless a declaratory decree was violated, or declaratory relief was unavailable.");[16] *Roth v. King*, 449 F.3d 1272, 1286, (D.C. Cir. 2006) (same). Thus, even if Plaintiff were allowed to particularize and amend his complaint, such efforts would prove futile because, under any set of facts, the defendant judges may not be held liable in a claim under 42 U.S.C. § 1983. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is not overcome by allegations of bad faith or malice, the existence of which ordinarily cannot be resolved without engaging in discovery and eventual trial").[17] Each of the judges will be dismissed with prejudice from this civil action.

---

[15] It is well settled that judges are absolutely immune for suits for damages arising out of their judicial acts. *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967).

[16] Prior to the amendment of the statute, the Supreme Court had held that "judicial immunity is not a bar to prospective injunctive relief against a judicial officer acting in her judicial capacity." *Pulliam v. Allen*, 466 U.S. 522, 541-42 (1984).

[17] *Mireles* recognized two exceptions to the long line of cases recognizing absolute judicial immunity—"actions not taken in the judge's judicial capacity" and "actions, though judicial in

## IV. Clerk Immunity

"Court clerks are also accorded derivative judicial absolute immunity when they act in obedience to a judicial order or under the court's direction." *Battle v. Morrison*, 139 F.3d 887 (4th Cir. 1998). The Eighth Circuit has held that

> Clerks of court "have absolute immunity from actions for damages arising from acts they are specifically required to do under court order or at a judge's direction." *See, e.g., McCaw v. Winter*, 745 F.2d at 534; *Tarter v. Hury*, 646 F.2d at 1013. Here, all of the acts of the state circuit judges and the assistant prosecutors that Rogers alleged were unconstitutional were acts performed within the scope of their official authority. Similarly, the deputy circuit clerk issued the arrest warrant at the direction of the assistant circuit judge.

*Rogers v. Bruntrager*, 841 F.2d 853, 856 (8th Cir. 1988); *see also McCray v. Maryland*, 456 F.2d 1, 5 (4th Cir. 1972) (observing that the law provides immunity for those whose actions are taken "in obedience to a judicial order or under the court's direction").

Here, Plaintiff has not alleged any specific act or omission on the part of Defendant Clemens. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true."); *see also West v. Atkins*, 487 U.S. 42, 48 (1988) ("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."); *see Barren v. Harrington*, 152 F.3d 1193, 1194-95 (9th Cir. 1998) ("A plaintiff must allege facts, not simply conclusions, that show that an

---

nature, taken in the complete absence of all jurisdiction." *Id.* at 11-12. The actions alleged do not involve either exception.

14

individual was personally involved in the deprivation of his civil rights."); *Johnson v. Duffy*, 588 F.2d 740, 743-44 (9th Cir. 1978) (discussing "requisite causal connection" in § 1983 cases between named defendant and claimed injury). Indeed, the allegations in the AC state that "the Loudoun County Judges ordered the Clerk of the Courts not to file any motions that Plaintiff had sent in by mail for his criminal case." Dkt. 18 at 11. Assuming the allegation is true, the Clerk was acting pursuant to a judicial order, and is therefore immune from this suit. Further, as Clerk, Defendant Clemens has no authority to order the relief requested.[18]

Accordingly, the AC complaint does not allege a claim upon which relief could be granted and this civil action will be dismissed. 28 U.S.C. § 1915(e)(2).[19]

Accordingly, it is hereby

**ORDERED** that this civil action be and is **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and it is

---

[18] To the extent that Charles seeks to contest the fact or duration of his confinement, he must pursue such remedies through a petition for a writ of habeas corpus, not a claim under 42 U.S.C. § 1983. *See Preiser v. Rodriguez*, 411 U.S. 475, 487 (1973); see generally *Wilkinson v. Dotson*, 544 U.S. 74, 78-82 (2005) (summarizing the distinctions between § 1983 and habeas actions).

[19] Dismissal with prejudice is appropriate under the circumstances of this case.

When a district court dismisses an action pursuant to 28 U.S.C. § 1915(e)(2), and "the district court already afforded [the plaintiff] an opportunity to amend," the Fourth Circuit has explained that "the district court has the discretion to afford [the plaintiff] another opportunity to amend[,] or [it] can 'dismiss the complaint with prejudice.'" *Smith v. Forrester*, No. 4:18cv3317, 2019 WL 1027932, at *2, 2019 U.S. Dist. LEXIS 35042, at *5 (D.S.C. Feb. (D.S.C. Feb. 6, 2019) (quoting *Workman v. Morrison Healthcare*, 724 F. App'x 280 (4th Cir. 2018)) (recommending the dismissal of a *pro se* action under 28 U.S.C. § 1915 with prejudice after the plaintiff, despite receiving an opportunity to amend, failed to state a claim upon which relief could be granted), *adopted by* 2019 WL 1022809, 2019 U.S. Dist. LEXIS 33852 (D.S.C. Mar. 4, 2019); *see Gooden v. U.S. Navy/U.S. Marine Corps*, 791 F. App'x 411, 411 (4th Cir. 2020) (affirming the district court's dismissal of a *pro se* action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)).

*United States ex rel. Angel v. Scott*, 697 F.Supp.3d 483, 494-95 (E.D. Va. 2023).

**FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(g)[20], this dismissal may affect Plaintiff's ability to proceed *in forma pauperis* in future civil actions; and it is

**FURTHER ORDERED** that the Clerk record this dismissal for purposes of the Prison Litigation Reform Act.

To appeal this decision, plaintiff must file a written notice of appeal with the Clerk's office within thirty (30) days of the date of this Order. *See* Fed. R. App. P. 4(a). A written notice of appeal is a short statement indicating a desire to appeal and including the date of the Order the plaintiff wishes to appeal. Failure to file a timely notice of appeal waives the right to appeal this decision.

The Clerk is directed to send a copy of this Order dismissing the amended complaint with prejudice to Plaintiff, and to close this civil action.

Entered this 6 day of May, 2025.
Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge

---

[20] 28 U.S.C. § 1915(g) provides:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.